IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jerome Davis,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CitiMortgage, Inc,<br><br>　　　　　Defendant. | Case No. 3:19-cv-50277<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

In 2005, Plaintiff Jerome Davis, and his wife, executed a mortgage with ABN Mortgage Group. Dkt. 1, ¶ 5. They defaulted, *id.*, and in 2011, they entered bankruptcy, *id.* ¶ 6. Defendant CitiMortgage filed a proof of claim asserting that it was a successor in interest to ABN Mortgage Group because of a merger. *Id.* ¶ 8. Much has happened since then, but the purpose of this lawsuit is Mr. Davis' contention that—in attempting to collect on the mortgage—CitiMortgage has violated the Fair Debt Collection Practices Act. Davis also bring claims that CitiMortgage violated the bankruptcy discharge injunction and the Illinois Consumer Fraud and Deceptive Practices Act. CitiMortgage now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

To defeat a motion to dismiss, the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that a plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

The crux of Davis's claims against CitiMortgage is his contention that the mortgage in question is subject to the bankruptcy discharge injunction. *E.g.*, Dkt. 1, ¶ 24 ("Citi violated 15 U.S.C. §§1692 e(2), e(10), and f(1) through its efforts to collect a debt discharged in bankruptcy."); *id.* ¶ 25 ("Citi violated §1692e(2) by falsely representing that Plaintiff was personally liable for a deficiency judgment, expenses, costs, and attorney fees on the ABN Amro loan (the 'Subject Debt') at the time it filed the foreclosure. By virtue of Plaintiff's bankruptcy discharge, he was not."). This question has been asked and answered. The Bankruptcy Court has already determined that the mortgage is not subject to the bankruptcy discharge.

Judge Lynch explained in the opening paragraph of his 2019 opinion that "[s]ince the case began, the house is no longer property of the estate, the debt—if valid—is not subject to discharge." *In re Davis*, No. 14-96129, 2019 Bankr. LEXIS 1480, at *1–2 (Bankr. N.D. Ill. May 10, 2019). Judge Lynch did not stop there. His opinion clearly explains this determination. Judge Lynch noted that this is not the first time the court had made this determination.

> As explained in this court's June 21, 2016 opinion in the underlying bankruptcy, the dispute between CitiMortgage, Inc. and the Debtor does not implicate his discharge (Case No. 11-81785, ECF No. 251.) To the extent that CitiMortgage, Inc.'s claim was treated by the plan, such claim is non-dischargeable as a cured long-term debt. 11 U.S.C. § 1328(a)(1). To the extent that the withdrawal of CitiMortgage, Inc's

2

   claim caused its claim to not be "provided for in the plan," then on that account it is not subject to the discharge. 11 U.S.C. § 1328(a). Either way, the Debtor's discharge is not implicated.

*Id.* at *18. Judge Lynch's opinion was not ambiguous. It was not cursory. It was well reasoned, thorough, and a review of the docket shows that Davis did not appeal it. Because this question—which all three claims rely on—has already been answered in favor of CitiMortgage, Davis's claims must be dismissed.

  The Court's opinion is not based on the theory of issue preclusion;[1] rather, it is based on the Court's ability to take judicial notice of the Bankruptcy Court's opinion establishing that the mortgage is not subject to the discharge. Davis argues against judicial notice on a number of points. He cites to *Opka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996) for the proposition that this Court may only take judicial notice "to establish the fact of such other litigation and related filings," but not "for the truth of the matters asserted in the other litigation." That argument is patently wrong. Davis takes one line from that opinion out of context. That line comes from *Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (7th Cir. 1992). There, the court explained that judicial notice of a document filed in another court—for the truth of the matter the document asserted—is improper. *Id.* Here, the Court does not take notice of a document filed in the Bankruptcy Court.

---

[1] Still, the Court could rest its opinion on issue preclusion but chooses not to because it was not argued by the parties. In *Arizona v. California*, the Supreme Court explained that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 488 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

The Court takes notice of the Bankruptcy Court's unappealed decision disposing of a central argument in this case.

He also contends that the lines in Judge Lynch's opinion explaining that the mortgage was not subject to the discharge are merely dicta. Not so. They were a central part of that opinion and were relied on. To be sure, Judge Lynch's opinion was jurisdictional. But he made that jurisdictional determination based in part on the mortgage not being subject to the bankruptcy discharge—thus making the matter "a two-party dispute under state law which does not implicate bankruptcy rights." *In re Davis*, 2019 Bankr. LEXIS 1480, at *18. Therefore, his determination regarding the discharge was not dictum.

Because all three of Davis's claims rely on this one flaw, all three must fail. CitiMortgage's motion to dismiss [24] is granted with prejudice.

\* \* \*

As a final matter, the Court notes that Mr. Davis has now twice been informed that the mortgage in question is not subject to the discharge injunction. Subsequent litigation on this point would be frivolous. Mr. Davis knows this. Though litigating pro se, he is a licensed attorney subject to the rules of ethics— rules this Court does not take lightly. At this time, and partly because CitiMortgage has not filed a Rule 11 motion, the Court declines to issue a show cause order as to why sanctions should not be levied. But Mr. Davis is on notice that further frivolous litigation could lead to sanctions, including a referral to the Illinois Attorney Registration and Disciplinary Commission. As an attorney, Mr. Davis is an officer of

4

the court. He is expected to live up to his chosen profession's high standards of professional conduct.

Date: February 10, 2021

_____<br>
Honorable Iain D. Johnston<br>
United States District Judge<br>
Northern District of Illinois<br>
Western Division